JOSEPH BROWN'S EX'R v. COMMONWEALTH.

**Wills—Residuary Devise.**

> Where the residuary estate was devised to the descendants of the testator's three uncles and the children of descendants of such as are dead, the right of A, or her descendants, to participate in the estate was not established, it not being shown that A was alive at the time of the testator's death or that she died leaving children.

APPEAL FROM NELSON CIRCUIT COURT.

June 6, 1874.

OPINION BY JUDGE PETERS:

The testator did not devise or bequeath anything directly to Mrs. Ruth Adams, by name; but after disposing of a large portion of his estate to quite a number of persons by name, he says, in the twenty-fifth clause of his will: "The rest and residue of my estate I will and bequeath to the descendants of my three uncles, Benjamin Brown, William Brown, and Thomas Brown. My three uncles above named are all dead; their children and descendants are unknown to me, at least some of them. My desire is that this bequest shall go to such of their children as are living; and where a child of either had died bearing children, the children of said deceased child shall take such part as their parent would take if living."

If living at the death of the testator, Mrs. Ruth Adams, as a daughter of one of his uncles, would be entitled to a share in the residue; or, if she was then dead, and had left children surviving her, they would be entitled to her share. But it is not alleged by appellee that Mrs. Ruth Adams was living, at the death of testator, nor that she had died leaving children.

In the judgment rendered on May 4, 1870, in the suit by the executor to construe the will, and to settle his accounts, which is made a part of this suit, after determining who should take *per capita,* and who *per stirpes,* it is said: "Of those who would take *per capita* there are alleged to be fourteen; but as to one of the fourteen, Ruth Adams, it is not known whether she is dead or alive, and if dead, whether she died before or after the testator, or whether she left any children; as to the fourteenth part for her, the question is left hereafter to be decided."

These recited facts, indispensable to the determination of the right of appellee to the fund claimed, are still unascertained, and not even alleged.

It does not, therefore, appear that any estate, or anything was devised to Mrs. Ruth Adams, or that she had any child, or children, who could take under the residuary devise; consequently appellee has failed to manifest a right to any part of the residuary estate.

Wherefore the judgment is reversed and the cause is remanded with directions for further proceedings consistent herewith.

*W. Johnson, for appellant.*

*Rodman, Wickliffe, for appellee.*